UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON WILLIE ISELI, | No. 2:22-cv-2173 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983. On March 22, 2024, the court granted plaintiff's application to proceed in forma pauperis. ECF No. 23. The court also screened plaintiff's original complaint and found that plaintiff's complaint was so vague and conclusory that the court was unable to determine whether the current action is frivolous or fails to state a claim for relief. Id. at 3. Instead of recommending dismissal, the court granted plaintiff leave to file an amended complaint. Id. Pending before the court is plaintiff's first amended complaint ("FAC"). ECF No. 26. For the reasons discussed below, the undersigned recommends that this case be dismissed.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.

1

1  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

2  an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

3  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

4  arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

5  superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

6  2000).

7       In order to avoid dismissal for failure to state a claim a complaint must contain more than

8  "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

9  cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

10  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

12  court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

13  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

14  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation

15  omitted).  When considering whether a complaint states a claim, the court must accept the

16  allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

17  complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

18  (1969) (citations omitted).

19      II.     Factual Allegations of the Complaint

20       The FAC is a twenty-five-page document that is largely incomprehensible.  The court,

21  however, is able to discern the following.  Plaintiff alleges that in his criminal case proceedings in

22  San Joaquin County Superior Court for Case No. Stk-CR-FE-2017-0016628, the judge, defendant

23  Johnson, and his criminal defense attorneys, defendants Mead, Bossi, and Shudde, violated

24  plaintiff's Fifth Amendment Miranda and due process rights, Sixth Amendment rights to effective

25  assistance of counsel and a speedy trial, and Fourteenth Amendment right to due process.  ECF

26  No. 26 at 1-6, 16-21.  Plaintiff claims, without providing much in the form of factual detail, that

27  there was a delay in the trial by the court and his lawyers, his lawyers' legal representation fell

28  below minimum standards, and he was forced to give incriminating statements to the police and

courts. Id. at 16-18. Plaintiff asserts that these violations require the reversal of his conviction. Id. at 6, 15, 17, 19. In addition to release, plaintiff also seeks, among other things, settlements, tax write-offs, discounts on government products, housing with a fully stocked customizable bar, numerous types of guns, a private jet with limitless access to national and global runways, "a female, sexy aid, sexual transmitted diaseise [sic] free, and for sexual purposes," an attorney and free bail. Id. at 7-15.

### III. Failure to State a Claim

Plaintiff's complaint attacks the validity of his conviction, not the conditions of his confinement, which he cannot do in a civil rights action under § 1983. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) ("As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action."); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"); see also Pinson v. Carvajal, 69 F.4th 1059, 1070-71 (9th Cir. 2023) ("[T]he Supreme Court has explicitly held that even when a plaintiff seeks money damages—a remedy unavailable to a habeas claimant—the cause of action nonetheless sounds in habeas if 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction.'" (quoting Heck v. Humphrey, 512 U.S. 477, 481-82 (1994))). Accordingly, plaintiff fails to state a § 1983 claim.[1]

Under such circumstances, the court can either convert the § 1983 action into a habeas corpus action, or "state that the prisoner's claims must be addressed in a habeas petition, and dismiss the 1983 claims without prejudice." Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Here, the court's records reflect that plaintiff has previously filed at least eleven applications for a writ of habeas corpus attacking the same conviction and sentence that are challenged in this case. See Iseli v. People of the State of California, No. 2:22-cv-1483 TLN EFB

---

[1] Plaintiff also fails to state a claim against defendant Johnson because defendant Johnson is entitled to absolute immunity for his judicial acts, even if the acts were erroneous and injurious. See Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004); Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).

1  (E.D. Cal.); Iseli v. Lynch, No. 2:22-cv-0681 DJC AC (E.D. Cal.); Iseli v. Lynch, No. 2:24-cv-0821 DAD JDP; Iseli v. Lynch, No. 2:24-cv-0837 WBS SCR (E.D. Cal.); Iseli v. Lynch, No. 2:24-cv-0980 DAD EFB (E.D. Cal.); Iseli v. Lynch, No. 2:24-cv-1220 DJC JDP (E.D. Cal.); Iseli v. Lynch, No. 2:24-cv-1578 WBS SCR (E.D. Cal.); Iseli v. Johnson, No. 2:24-cv-1934 KJM AC (E.D. Cal.); Iseli v. The People of the State of California et al., No. 2:25-cv-0530 TLN CSK (E.D. Cal.); Iseli v. Johnson, No. 2:25-cv-0532 JDP (E.D. Cal.); Iseli v. The People of State of CA, No. 2:25-cv-0664 EFB (E.D. Cal.).[2]  The first habeas petition was filed by the Clerk of the Court on August 22, 2022, and was denied on the merits on March 13, 2023.  Iseli v. People of the State of California, No. 2:22-cv-1483 TLN EFB, ECF Nos. 1, 23, 31.  Several of plaintiff's subsequent habeas petitions have been dismissed as second or successive.  See Iseli v. Lynch, No. 2:24-cv-0681 DJC AC, ECF No. 9; Iseli v. Lynch, No. 2:24-cv-0821 DAD JDP, ECF No. 12; Iseli v. Lynch, No. 24-cv-1220 DJC JDP, ECF No. 10; Iseli v. Warden, No. 2:24-cv-1934 KJM AC (E.D. Cal.), ECF No. 7.  The other six cases were consolidated, Iseli v. Lynch, No. 2:24-cv-1578 WBS SCR, or remain pending.  See Iseli v. Lynch, No. 2:24-cv-0837 WBS SCR; Iseli v. Lynch, No. 2:24-cv-0980 DAD EFB; Iseli v. The People of State of California et al., No. 2:25-cv-0530 TLN CSK; Iseli v. Johnson, No. 2:25-cv-0532 JDP; Iseli v. The People of State of CA, No. 2:25-cv-0664 EFB.

Recently, in dismissing plaintiff's habeas corpus petition, this court granted his request to transfer the matter to the Ninth Circuit for authorization to proceed with a second or successive petition.  See Iseli v. Warden, No. 2:24-cv-1934 KJM AC (E.D. Cal.), ECF No. 7.  The Ninth Circuit assigned the case number 24-6134.  Id. at ECF No. 8.  Review of the Ninth Circuit docket shows that on February 20, 2025, the Ninth Circuit denied plaintiff's application for authorization to file a second or successive 28 U.S.C. § 2254 petition in the district court, because plaintiff had "not made a prima facie showing under 28 U.S.C. § 2244(b)(2)."  See Iseli v. Smith, No. 6134 (9th Cir.), Dkt. 10.[3]

---

[2]  This court takes judicial notice of the record in those proceedings.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

[3]  The court also takes judicial notice of this proceeding.  See n.2.

Because converting plaintiff's § 1983 case here into a habeas petition would result in a *twelfth* habeas petition challenging the same conviction, which would be subject to dismissal as successive and unauthorized, the court will dismiss rather than convert this action.

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because a challenge to the validity of your conviction can only be brought as a habeas action, which it appears you have already done and have been denied.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE